1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10   DAVID T. MARKS,                                    )
                                                         )
11                    Plaintiff(s),                     )        Case No. 2:16-cv-03034-APG-NJK
                                                         )
12   vs.                                                 )        REPORT AND RECOMMENDATION
                                                         )
13   NANCY A. BERRYHILL, ACTING                          )
     COMMISSIONER OF SOCIAL SECURITY,                    )
14                                                       )
                      Defendant(s).                      )
15   _____ )

16          This case involves judicial review of administrative action by the Commissioner of Social

17   Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to

18   Title II of the Social Security Act.  Currently before the Court is Plaintiff's motion for reversal and/or

19   remand.  Docket No. 13.  The Commissioner filed a response in opposition and a cross-motion to affirm.

20   Docket No. 15.  Plaintiff filed a reply.  Docket No. 17.  This action was referred to the undersigned

21   magistrate judge for a report of findings and recommendation.

22   **I.      STANDARDS**

23          A.      Judicial Standard of Review

24          The Court's review of administrative decisions in social security disability benefits cases is

25   governed by 42 U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section

26   405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security

27   made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

28   review of such decision by a civil action . . . brought in the district court of the United States for the

judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

//

//

//

2

1    B.    Disability Evaluation Process

2         The individual seeking disability benefits bears the initial burden of proving disability. *Roberts*

3    *v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the

4    "inability to engage in any substantial gainful activity by reason of any medically determinable physical

5    or mental impairment which can be expected . . . to last for a continuous period of not less than 12

6    months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work,

7    then the burden shifts to the Commissioner to show that the individual can perform other substantial

8    gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

9         The ALJ follows a five-step sequential evaluation process in determining whether an individual

10   is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can

11   make a finding of disability or nondisability, a determination will be made and no further evaluation is

12   required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The

13   first step requires the ALJ to determine whether the individual is currently engaging in substantial

14   gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both

15   substantial and gainful; it involves doing significant physical or mental activities usually for pay or

16   profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of

17   not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second

18   step.

19        The second step addresses whether the individual has a medically determinable impairment that

20   is severe or a combination of impairments that significantly limits him from performing basic work

21   activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when

22   medical and other evidence establish only a slight abnormality or a combination of slight abnormalities

23   that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §

24   404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe

25   _____

26        [1] SSRs constitute the Social Security Administration's official interpretations of the statute it

27   administers and its regulations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009);
     *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with

28   the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement, 20 C.F.R. § 404.1509, then a finding of disabled is made, 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRs 96-4p, 96-7p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and perform at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made.

4

If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and final step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.    BACKGROUND

### A.    Procedural History

On December 31, 2014, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of April 1, 2014. Administrative Record ("A.R.") 148-154. Plaintiff's claims were denied initially on April 29, 2015, and upon reconsideration on October 28, 2015. A.R. 91-95, 100-105. On November 11, 2015, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 106-107. On May 17, 2016, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Christopher R. Daniels. A.R. 45-58. On June 1, 2016, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability from April 1, 2014, through the date of the decision. A.R. 32-40. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on October 28, 2016. A.R. 1-6. On December 30, 2016, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Docket No. 1.

### B.    The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued an unfavorable decision on June 1, 2016. A.R. 32-40. At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2019, and had not engaged in substantial gainful activity since April 1, 2014. A.R. 34. At step two, the ALJ found that Plaintiff had the following severe impairments: major depressive disorder and posttraumatic stress

disorder ("PTSD")/anxiety. A.R. 34-35. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 35-36. The ALJ found that Plaintiff had the residual functional capacity to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he is able to perform simple, routine repetitive tasks; he is able to interact occasionally with coworkers and supervisors, but is unable to interact with the general public; and he is able to adapt to routine work changes.

A.R. 36-38. At step four, the ALJ found that Plaintiff was unable to perform past relevant work. A.R. 39. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and RFC. A.R. 39-40. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49 at the time of the alleged disability onset date, with at least a high school education and able to communicate in English. A.R. 39. The ALJ found the transferability of job skills immaterial. *Id*. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same RFC and vocational factors could perform work as a mail clerk, production assistant, and laundry classifier. A.R. 39-40.

Based on all of these findings, the ALJ found Plaintiff not disabled and denied the applications for a period of disability and disability insurance benefits. A.R. 40.

## III.    ANALYSIS AND FINDINGS

On appeal, Plaintiff makes three arguments. First, Plaintiff argues that the ALJ did not adequately consider the Department of Veteran Affairs' ("VA") disability rating. Second, Plaintiff argues that the ALJ improperly gave his examining physician, Dr. Heidi Stark-Bank, little weight. Third, Plaintiff argues that the ALJ erred in assessing the opinions of the state agency psychologist, Dr. Russell Lark. The Court will address each of these arguments in turn below.

### A.    The Department of Veterans' Affairs Disability Rating

On April 3, 2015, the VA determined that Plaintiff has been 100 percent disabled, due to post-traumatic stress disorder with bipolar disorder, since May 23, 2013. Docket No. 13 at 5. Plaintiff argues that the ALJ in the instant case did not adequately consider the VA's disability rating in making his

1    determination. *Id.* at 6; Docket No. 17 at 3. The Commissioner responds that the ALJ properly gave

2    the VA's disability rating little weight because of the mild findings in the VA's treatment records.

3    Docket No. 15 at 3-5.

4    An ALJ must give "great weight" to a VA determination of disability. *McCartey v. Massanari*,

5    298 F.3d 1072, 1076 (9th Cir. 2002). The Ninth Circuit has acknowledged that, although the criteria the

6    VA uses in its determination of disability is not identical to the criteria the Social Security

7    Administration ("SSA") uses in its determination, there is "marked similarity between [the] two federal

8    disability programs," warranting the ALJ to give "great weight" to the VA's disability rating. *Id.* An

9    ALJ may give less weight to the VA's disability rating if he provides "persuasive, specific, valid reasons

10   for doing so that are supported by the record." *Id.* Therefore, while the ALJ need not make a finding

11   identical to the VA's finding, he cannot completely ignore the VA's disability rating. *Id.* at 1075.

12   The issue then becomes what is considered a sufficiently "persuasive, specific, valid" reason for

13   giving the VA's disability rating little weight. The ALJ cannot merely state that he gives little weight

14   to the VA's disability rating because the inquiries and criteria used by each entity are different. *Berry*

15   *v. Astrue*, 622 F.3d 1228, (9th Cir. 2010) (citing *Valentine v. Comm'r SSA*, 574 F.3d 685, 695 (9th Cir.

16   2009)). Courts have found the following as sufficient reasons to give the VA's disability rating little

17   weight: (1) if the ALJ relied on evidence that was unavailable to the VA (*Valentine*, 574 F.3d at 695);

18   (2) if the ALJ discusses or recognizes the VA's determinations and also includes elsewhere in the record

19   a review of the plaintiff's records and conditions in reaching his decision (*Berry*, 622 F.3d at 1236

20   (finding that the ALJ's acknowledgment of the VA's determinations followed by citations to medical

21   evidence that supported ALJ's finding were sufficient reasons to give the VA's disability rating little

22   weight); *see also Phillips v. Berryhill*, 2017 U.S. Dist. LEXIS 114855, at *26-28 (D. Nev. July 24, 2017)

23   (finding that because the ALJ had "read and considered" the VA's disability rating but also found that

24   other examinations were "within normal limits," the ALJ properly gave little weight to the VA's

25   disability rating); *Payano v. Colvin*, 2017 U.S. Dist. LEXIS 174983, at *17-18 (D. Nev. Oct. 23, 2017)

26   (finding that even if the ALJ merely recognized the weight of the VA's opinion, as long as the ALJ "cites

27   to additional evidence, or a different reading of evidence, that may suffice to support reaching a different

28

7

1   opinion," where the ALJ relied on the state agency physicians' opinions and also the claimant's

2   credibility during the hearing.)).

3        In this case, the ALJ provides two reasons for giving the VA's disability rating little weight. The

4   first reason is because "[t]he disability determination processes utilized by the VA and the Social

5   Security Administration are fundamentally different." A.R. 37. The differences between the criteria

6   used by the SSA and the VA in determining a disability, however, is not a sufficient reason for giving

7   the VA's disability rating little weight. The Ninth Circuit has acknowledged this unavoidable difference

8   and, therefore, does not require that the VA's criteria be "tailored to the specific legal requirements of

9   a Social Security determination." *Payano*, 2017 U.S. Dist. LEXIS 174983, at *17 (citing *Valentine*, 574

10   F.3d at 695). The Court therefore finds that the ALJ's first reason for giving the VA's disability rating

11   little weight is insufficient.

12        The second reason the ALJ provides for giving the VA's disability rating little weight is because

13   "the relatively mild findings in the record do not support the VA's finding that the claimant is 100

14   percent disabled." A.R. 37. In providing this reason, the ALJ refers to citations elsewhere in his

15   decision of Plaintiff's medical records and his subsequent interpretation of those records to reach the

16   conclusion that Plaintiff's depression and PTSD/anxiety are not supported by the record. *Id.* The ALJ

17   cites to medical records ranging from September 16, 2011, to March 2, 2016, in reaching this

18   determination. *Id.* The ALJ relies on mental examinations, which found that Plaintiff was

19   "appropriately groomed with fair level of hygiene...maintained good eye contact...was cooperative with

20   no psychomotor agitation or retardation...described his mood as 'ok'...[and] exhibited fair insight and

21   judgment." *Id.* Portions of these records, however, also include notations that Plaintiff "exhibits overall

22   limited coping skills ability" (A.R. 330), that Plaintiff's mood was "depressed" (A.R. 336), and that

23   Plaintiff was still dealing with his emotions and situations that trigger his PTSD (A.R. 381). The ALJ

24   did not specify what he relied upon to determine that the record in its entirety did not support the

25   allegation of Plaintiff's disability. *See Batson,* 359 F.3d at 1193; *see also Burch v. Barnhart*, 400 F.3d

26   at 679.

27        Therefore, the Court finds that remand is appropriate.

28

8

1

      <u>B.</u>     Assessing Dr. Stark-Bank's Opinion

2       Plaintiff next contends that the ALJ improperly gave the examining physician, Dr. Stark-Bank,

3 little weight. Docket No. 13 at 9-11. An ALJ may reject an examining physician's opinion in favor of

4 a non-examining physician's opinion only if the ALJ provides "specific and legitimate reasons for doing

5 so that were based on substantial evidence in the record in addition to the nonexamining [*sic*]

6 [physician's] opinion."[2] *Andrews*, 53 F.3d at 1037, 1043. "The nonexamining [*sic*] physicians' opinions

7 'with nothing more' could not constitute substantial evidence." *Id.* at 1042. Substantial evidence can

8 include, *inter alia*, a review of the medical records by the non-examining physician, written reports or

9 opinions of other experts, weaknesses in the examining physician's opinion, Plaintiff's testimony from

10 the hearing, and other experts' reports. *Id.* at 1043.

11       In the instant case, the ALJ provides a one-sentence explanation as to why he gave Dr. Stark-

12 Bank's opinion little weight, merely stating that her "functional limitation analysis is inadequate to truly

13 determine the claimant's limitations regarding basic work activities." A.R. 38. The ALJ proceeds to

14 provide evidence as to why he affords the non-examining physicians' opinion great weight; however,

15 he fails to show substantial evidence supporting the fact that Dr. Stark-Bank's functional limitation

16 analysis is inadequate. The ALJ does not cite to specific portions of Dr. Stark-Bank's opinion that he

17 found inadequate and how those portions were in fact inadequate. For example, Dr. Stark-Bank found

18 that Plaintiff had "near-continuous depression affecting the ability to function independently,

19 appropriately and effectively...[had] difficulty in establishing and maintaining effective work and social

20 relationships...[and had] difficulty in adapting to stressful circumstances, including work or a work like

21 setting." A.R. 608.

22       Even in analyzing the ALJ's reasoning in conjunction with Defendant's response, the ALJ's

23 reasoning is insufficient to meet the standard set in *Andrews*. Defendant submits that Dr. Stark-Bank's

24 _____

25     [2] Defendant inappropriately submits points and authorities in support of the ALJ's authority to reject a *treating* physician's opinion; the opinion at issue is that of Dr. Stark-Bank, who was an
26 *examining* physician. Docket No. 15 at 6-7; *see also* A.R. 599-610. However, the standards for rejecting a treating physician's opinion in favor of a non-examining physician's opinion were applied to
27 an ALJ rejecting an examining physician's opinion in favor of a non-examining physician's opinion in
28 *Andrews.* 53 F.3d at 1040.

1   opinions were not adequate because she did not include an actual opinion nor did she articulate the

2   degree that Plaintiff's symptoms related to his depression and PTSD/anxiety prevent Plaintiff from

3   performing "simple, routine repetitive tasks...[interacting] occasionally with coworkers and

4   supervisors...[and ability] to adapt to routine work changes." Docket No. 15 at 7; *see also* A.R. 36 (RFC

5   determination).

6       Therefore, the Court finds that the ALJ did not provide specific and legitimate reasons for

7   rejecting Dr. Stark-Bank's opinion as inadequate. Remand is therefore appropriate for the ALJ to state

8   a specific and legitimate reason as to how Dr. Stark-Bank's opinion was inadequate.

9           C.      Assessing Dr. Lark's Opinion

10      Plaintiff argues that the ALJ erred in assessing the opinions of the State agency psychologist, Dr.

11  Lark. Docket No. 13 at 12. The ALJ's RFC finding need not be the mirror-image of a physician's

12  opinion. *See* 20 C.F.R. § 404.1545(a)(1). Plaintiff unnecessarily provides points and authorities in

13  arguing that the ALJ is required to explain why he rejected probative evidence. Docket No. 13 at 12

14  (internal citations omitted). The instant issue is not whether or not Dr. Lark's opinion was probative but

15  the degree to which the ALJ's RFC determination matched Dr. Lark's opinion. Similarly, Defendant

16  unnecessarily provides points and authorities that the ALJ is responsible for resolving ambiguities in the

17  medical evidence- Plaintiff does not submit, nor does Defendant submit elsewhere in its response that

18  Dr. Lark's opinions were ambiguous nor that the ALJ's RFC finding was formed as a result of resolving

19  ambiguities within Dr. Lark's opinions. Docket No. 15 at 8 (internal citations omitted).

20      In the instant case, the ALJ finds that Plaintiff is limited to occasional interactions with

21  coworkers and supervisors. A.R. 36. Plaintiff submits that this is in contrast to Dr. Lark's opinion that

22  Plaintiff "can get along with others when it is in his perceived best interest to do so at least for superficial

23  interactions," in that the ALJ's "assessment takes quantity of contact into account, but not the quality."

24  A.R. 69; *see also* Docket No. 13 at 12. Reasonable minds may differ as to whether or not occasional

25  interactions are or are not necessarily superficial interactions. Nonetheless, the Court finds that the

26  difference between an occasional interaction and a superficial interaction is not so great as to find that

27  the ALJ's evaluation and explanation of Dr. Lark's opinion is questionable.

28

The ALJ also finds that Plaintiff "is able to adapt to routine work changes." A.R. 36. Plaintiff submits that this is in contrast to Dr. Lark's opinion that Plaintiff "will likely work best in a low change environment that requires limited interaction with others." A.R. 69. Reasonable minds may find that routine work changes such as changing computers, shifts or schedules, and the like, are consistent with a low-change environment as they are routine and not out of the ordinary, and do not necessarily require high levels of interaction with others. Therefore, the Court finds that the difference between adapting to routine work changes and working in a low-change environment is not so great as to find that the ALJ's evaluation and explanation of Dr. Lark's opinion is questionable.

Therefore, the Court finds that the ALJ did not err in assessing the opinions of the state agency psychologist, Dr. Lark.

**IV.    CONCLUSION**

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for reversal and/or remand (Docket No. 13) be **GRANTED** in part and **DENIED** in part, and that Defendant's cross-motion to affirm (Docket No. 15) be **DENIED**. The undersigned **RECOMMENDS** that this case be remanded for the ALJ to make appropriate inquiries as outlined above.

IT IS SO ORDERED.

DATED: January 7, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

//
//
//
//
//
//
//
//
//

1

**NOTICE**

2          Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be**

3   **in writing and filed with the Clerk of the Court within 14 days of service of this document.** The

4   Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to

5   the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This

6   circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly

7   address and brief the objectionable issues waives the right to appeal the District Court's order and/or

8   appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th

9   Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28